**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDY CAROLINA MONTES ZUNIGA,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center,<br>Respondents. | Case No.: 26cv0918 DMS SBC<br><br>**ORDER DENYING PETITION** |

This case comes before the Court on the Amended Petition for Writ of Habeas Corpus. Respondents did not file a Return to the Amended Petition, although they did file a Return to the original Petition. Petitioner filed a Traverse.

After the briefing was submitted, Respondent filed an ex parte motion asking the Court to vacate its restriction on Petitioner's transfer out of the District, stating Petitioner's removal was scheduled to occur within six days of that filing. Petitioner opposed the motion, arguing Respondents' failure to address the merits of Petitioner's claims entitled her to release. After checking the Executive Office for Immigration Review's Automated Case Information System and finding that a removal order has been issued against Petitioner and a motion to reopen jurisdiction had been presented to the immigration judge

(“IJ”), the Court requested supplemental briefing from the parties on whether and how that motion affected the finality of Petitioner’s removal order. In their supplemental brief, Respondents assert the Department of Homeland Security filed the motion to reopen Petitioner’s proceedings, but later filed a motion to withdraw that motion, which the IJ granted. Respondents state in light of the withdrawal of that motion and Petitioner’s failure to appeal the removal order, Petitioner is subject to a final removal order and therefore her detention is now governed by 8 U.S.C. § 1231(a). Petitioner does not dispute the finality of her removal order or the current statutory authority for her detention, but persists in her argument that Respondents’ failure to address the merits of her claims entitles her to release.

The Court agrees with Respondents that in light of the final removal order Petitioner’s detention is now governed by 8 U.S.C. § 1231(a). Under that statute, Petitioner is subject to detention during the removal period, and neither side argues that period has expired. Accordingly, the Amended Petition for Writ of Habeas Corpus must be denied.

**IT IS SO ORDERED**.

Dated: June 18, 2026

Hon. Dana M. Sabraw
United States District Judge